IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| N SPINE, INC. and<br>SYNTHES USA SALES, LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>GLOBUS MEDICAL, INC.,<br><br>    Defendant. | Civil Action No. 10-300-RMB-AMD |

## [REVISED] STIPULATED PROTECTIVE ORDER

WHEREAS, N Spine, Inc. and Synthes USA Sales, LLC ("Synthes"), and Globus Medical, Inc. ("Globus") (collectively "the parties") have stipulated that certain discovery material be treated as confidential;

WHEREAS discovery in this action may involve the disclosure of certain information, documents, and things in the possession, custody or control of the parties, or non-parties, that constitute or contain trade secrets or other confidential research, development, or commercial information within the meaning of Rule 26(c)(7) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.");

WHEREAS such confidential information must be protected in order to preserve the legitimate business interests of the parties or non-parties; and

WHEREAS the parties, through counsel, stipulate that good cause exists for the entry of this Protective Order pursuant to Rule 26(c) for the purpose of advancing the progress of this case and to prevent unnecessary dissemination or disclosure of such confidential information;

IT IS HEREBY STIPULATED between the parties, subject to the approval of the Court, as follows:

Definitions

1. The term "Protected Information" shall mean any information, document, or other tangible thing or any electronically stored information or oral testimony that contains or reveals what a party or non-party considers to be its trade secret, business, confidential, or proprietary information, including, but not limited to, all documents produced in the course of discovery, all answers to interrogatories, all answers to requests for admission, all responses to requests for production of documents, and all deposition testimony and deposition exhibits. In designating information as "Protected Information," a party or non-party ("designating party") shall designate only its trade secrets, information that it has maintained in confidence, or information in which it has a proprietary interest. Each party shall act in good faith in designating information as "Protected Information."

2. This Protective Order establishes two categories of Protected Information. Information in the higher category is referred to as "ATTORNEYS' EYES ONLY." Information in the lower category is referred to as "CONFIDENTIAL."

3. The "CONFIDENTIAL" designation may be used by a designating party for information that the designating party believes in good faith to constitute, contain, reveal, or reflect trade secrets or other confidential research, development, commercial, or personnel information relating to its business, or which was disclosed to it in confidence by any other person, the disclosure of which to the general public could adversely prejudice the designating party or its business. This designation shall be made in good faith. Protected Information that is

designated as "CONFIDENTIAL" may only be disclosed to any of the individuals identified in paragraphs 4(a)-4(k).

4. The term "Qualified Person" shall mean:

(a) the Court and its official personnel;

(b) the jury;

(c) Synthes' outside counsel of record in Case No. 10-300-RMB/AMD and their law firm's active members, associate attorneys, paralegals, and office staff working on this case ("Synthes' Outside Counsel");

(d) Globus' outside counsel of record in Case No. 10-300-RMB/AMD) and their law firms' active members, associate attorneys, paralegals, and office staff working on this case ("Globus' Outside Counsel");

(e) subject to Paragraph 7, one in-house counsel for Synthes and one in-house counsel for Globus, identified by name below:

    For Globus: Mehul Jani

    For Synthes: Lynn Malinoski;

(f) court reporters, stenographers, videographers, translators, third-party photocopy or imaging services contractors, third-party contractors producing graphic or visual aids and their respective assistants involved solely in providing litigation support services to Outside Counsel;

(g) any independent expert or consultant who is retained by Synthes' or Globus' Outside Counsel solely for the purpose of assisting in this action;

(h) jury consultants involved solely in providing litigation support services to Outside Counsel;

(i) any other person who is designated as a "Qualified Person" by order of the Court or by written agreement of the parties;

(j) any person who authored and/or received the particular "CONFIDENTIAL" information sought to be disclosed to that person, or any deponent when the examining attorney has a good faith basis to believe the deponent is the author and/or received the particular "CONFIDENTIAL" information sought to be disclosed to that deponent; and

(k) employees of a party and their immediate support staff whose review of the documents is reasonably necessary for purposes of this litigation.

5. The "ATTORNEYS' EYES ONLY" designation may be used by a designating party for any subset of "CONFIDENTIAL" information, the disclosure of which is likely to provide a significant competitive or economic advantage to a competitor, including information relating to financial information and forecasts, products in development, and future plans, strategies, and programs. This designation shall be made in good faith. Protected Information that is designated as "ATTORNEYS' EYES ONLY" may only be disclosed to the individuals identified in paragraphs 4(a)- 4(j).

## Use of Protected Information

6. Unless ordered by the Court, or otherwise provided for herein, Protected Information disclosed will be held and used by the person receiving such information solely for use in connection with the action (including appeals) in which this Order issued.

7. Notwithstanding any other provision in this Protective Order, no person involved in Patent Prosecution (defined below) during, or for one (1) year after the non-appealable termination of, this proceeding shall have access to CONFIDENTIAL or ATTORNEYS' EYES ONLY material or to any information directly derived from such CONFIDENTIAL or ATTORNEYS' EYES ONLY material in connection with or provide advice relating to Patent Prosecution, unless otherwise directed by the Court or authorized in writing by the designating party. For purposes of this Protective Order, "Patent Prosecution" means preparing, drafting, reviewing, filing, responding to office actions, signing oaths or declarations, or otherwise prosecuting patent applications or patents, or assisting in any of those activities, with respect to any patent disclosing or claiming (in whole or in part) the subject matter of: (a) the patent asserted in the current litigation, (b) any of the parents (grand-parents or other predecessor applications in the chain) of the patent asserted in the current litigation, or (c) any continuations,

continuations-in-part, divisionals, foreign counterparts, reissues, or re-examinations of the patent asserted in the current litigation or any of the parents (grand-parents or other predecessor applications) thereof, or (d) pedicle-based dynamic spinal stabilization devices and/or methods.

8. Nothing in this Protective Order shall prevent any person, including a Qualified Person, from making use of any information that is designated as Protected Information if such information:

(a) was lawfully in his or her possession prior to receipt under the provisions of this Protective Order;

(b) was or becomes available to the public through no fault of a Qualified Person;

(c) was or is obtained from a source not under an obligation of secrecy to the designating party;

(d) is exempted from the operation of this Protective Order by written consent of the designating party; or.

(e) is exempted by order of this Court.

<u>Disclosure of Protected Information</u>

9. Protected Information shall not be made available to anyone other than a Qualified Person or the designating party, except as otherwise provided in this Protective Order.

10. A document that contains or reveals Protected Information may be shown to any person indicated in such document to be its originator or author or the recipient of a copy.

11. A document that contains or reveals Protected Information may be shown to a witness testifying under oath so long as the document or independent facts indicate that the witness had rightful access to the information set forth therein.

12. Protected Information may be disclosed to a witness testifying under oath if the witness is an officer, director, or employee of the designating party.

13. Protected Information may be disclosed to a witness testifying under oath if:

(a) the witness was formerly an officer, director, or employee of the designating party; and

(b) the Protected Information was in existence during the period of his or her service or employment; and

(c) a foundation is established that the witness was involved in the project to which the Protected Information relates so that it is reasonable that the witness had access to the Protected Information during the course of his or her service or employment; and

(d) the witness agrees to be bound by the terms of this Order, either on the record or by signing the declaration in the form shown in attached Exhibit A, which declaration shall be included as an exhibit to any deposition of the witness. If a witness refuses both options, the deposition may cease and the parties should seek any necessary relief from an appropriate Court, or the parties may agree to continue the deposition on terms agreeable to all parties.

14. Nothing in this Protective Order shall prevent disclosure of Protected Information if the designating party consents to such disclosure or if the Court, after notice to all parties, orders such disclosure.

15. Regarding disclosure of Protected Information to Qualified Persons:

(a) Counsel desiring to disclose Protected Information to an independent expert or consultant according to subparagraph 4(g) shall first obtain a signed declaration in the form shown in attached Exhibit A from that person. At least ten (10) days in advance of the proposed disclosure of any Protected Information to that person, counsel shall serve on all parties that person's signed declaration and curriculum vitae or résumé. A designating party may object to such disclosure for cause by serving a written objection upon each other party within ten (10) days after receiving the signed declaration by facsimile. Failure to timely object shall operate as a waiver of the objection. If a designating party objects to the proposed disclosure, the objecting party's Protected Information shall not be disclosed to such person except by order of the Court or by written consent of the objecting party. The objecting party shall have the burden of proving that disclosure should not be made.

(b) In the event such person refuses to sign an agreement in the form shown in attached Exhibit A, the party desiring to disclose the Protected Information may seek appropriate relief from the Court.

16. Prior to disclosing or displaying the Protected Information to any person, counsel shall:

(a) Inform the person of the confidential nature of the information or documents; and

(b) Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

<u>Identification and Marking of Protected Information</u>

17. Any document or other tangible thing that contains or reveals Protected Information shall be labeled with the legend "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER", the legend "ATTORNEYS' EYES ONLY – PRODUCED PURSUANT TO PROTECTIVE ORDER" or similar legend that clearly conveys that the document or thing contains or reveals Protected Information within the scope of this Order. Such designations shall be made in good faith. For a document, such marking shall appear on each page of the document that contains Protected Information. Any Protected Information not reduced to documentary or physical form or which cannot be conveniently labeled shall be so designated by the designating party by serving written notice on all parties. Any document or other tangible thing so labeled and the information it contains or reveals shall be treated in accordance with the provisions of this Protective Order.

18. When a party initially produces documents for inspection, no marking need be made by the producing party in advance of the inspection. There will be no waiver of confidentiality by the inspection of Protected Information before it is copied and marked confidential pursuant to the procedure of paragraph 17. For purposes of the inspection, all documents shall be treated as "ATTORNEYS' EYES ONLY." After the inspecting party selects documents for production, the producing party shall appropriately mark the copies of the selected documents before they are provided to the receiving party.

19. Information disclosed at the deposition of a party or one of its present or former officers, directors, employees, or agents may be designated as Protected Information by that

party either (a) on the record at the deposition or (b) by serving a written notification on each other party within twenty-five (25) days of receipt of the transcript by counsel for the designating party. Such written notification shall identify the specific pages and lines of the transcript that contain "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" testimony. A copy of such written notification shall be attached to the face of the transcript and each copy of the transcript in the possession, custody, or control of any Qualified Person. All information disclosed during a deposition shall be treated as "ATTORNEYS' EYES ONLY" until at least thirty (30) days after a transcript of the deposition is received by counsel for each of the parties. A deponent may review the transcript of his or her deposition at any time.

20.     Only Qualified Persons and the deponent shall be allowed to attend any portion of a deposition in which Protected Information is used or elicited from the deponent.

21.     Deposition transcripts containing Protected Information shall be prominently marked on the front page with a statement that provides "THIS DEPOSITION TRANSCRIPT CONTAINS PROTECTED INFORMATION THAT IS SUBJECT TO PROTECTIVE ORDER."

<u>Inadvertent Failure to Designate</u>

22.     The inadvertent failure by a party to designate specific documents or materials as containing Protected Information shall not be deemed a waiver in whole or in part of a claim of confidentiality as to such documents or materials. Upon notice to each party of such failure to designate, each party shall cooperate to restore the confidentiality of the inadvertently disclosed information.

<u>Challenges to Protected Information Designation</u>

23. If any qualified person disputes or challenges the designation of any information as Protected Information such information shall nevertheless be treated as Protected Information in accordance with the provisions of this Protective Order until such designation is removed by order of the Court or by written consent of the designating party.

24. A party shall not be obligated to challenge the propriety of a Protected Information designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event a party challenges another party's confidential designation, counsel shall make a good faith effort to resolve the dispute, in accordance with Rule 7.1.1 of the Local Rules of the District Court for the District of Delaware, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Court. Nothing in this Protective Order operates to create an admission by any party that protected Information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all Protected Information disclosed, in accordance with applicable law and Court rules.

## Inadvertent Production of Privileged Information

25. Inadvertent production of documents or information subject to the attorney-client privilege, work-product immunity, or any other applicable privilege or immunity shall not constitute a waiver of such privilege(s). Inadvertent production of documents or information shall be handled as follows, without prejudice to the right of any party to apply to the Court for further protection or disclosure relating to discovery:

    (a) Immediately upon receiving notice from the producing party that documents or materials subject to the attorney-client privilege or work-product immunity have been inadvertently produced, the receiving party shall not review, copy, or otherwise disseminate the documents or materials, or disclose their substance. In addition, the receiving party shall return the documents or materials and all copies within five (5) business days from receiving notice.

(b) If the receiving party believes it has a good-faith basis for challenging the privilege claim, Outside Counsel for the receiving party shall provide to Outside Counsel for the producing party, within seven (7) days after receipt of the producing party's request for return, a written explanation of the good-faith basis for its belief that the inadvertently produced documents or information are not privileged.

(c) Outside Counsel for the producing party shall respond in writing to the receiving party's Outside Counsel's timely challenge to the privilege or immunity claim within seven (7) days from receipt of the challenge.

(d) In the event the parties cannot agree as to the privilege or immunity status of the inadvertently produced documents or materials, the receiving party has seven (7) days from receipt of the producing party's written response to the privilege challenge to seek relief from the Court compelling production of the inadvertently produced documents or information. The receiving party shall not use the substantive content of the inadvertently produced documents or information to challenge the privilege or immunity status of such material. In the event that the challenge to a claim of privilege comes before the Court, the producing party shall have the burden of proving that the produced documents or information are privileged.

26. Once a document or information has been used during a deposition, used as an exhibit to a pleading filed with the Court, identified for use at trial or otherwise disclosed to the Court, the producing party has twenty-one (21) days from the date of use or disclosure to provide notice of the inadvertent production. Notwithstanding any other provision of this Protective Order, failure to provide notice within this 21-day period shall constitute a waiver of any and all applicable privileges with respect to the inadvertently produced documents or information only.

Filing of Protected Information

27. The Clerk of the Court is directed to maintain under seal any pleading, motion, brief, memorandum, exhibit, affidavit, declaration, transcript, response to a discovery request, or other paper filed with the Court that has been designated, in whole or in part, as containing or revealing Protected Information.

28. Any documents which become part of an official judicial proceeding or which are filed with the Court are public documents, and such documents will be sealed by the Court only

upon motion in accordance with applicable law, including Rule 5(d) of the Local Rules of this Court. This Protective Order does not provide for the automatic sealing of such documents. Even if the filing party believes that the materials subject to the Protective Order are not properly classified as confidential, the filing party shall file the materials under seal in accordance with applicable law, including Rule 5(d) of the Local Rules of this Court.

### Advice to Clients

29. Nothing in this Protective Order shall bar or otherwise restrict an attorney herein from rendering advice to his or her client with respect to this action and, in the course thereof, referring to or relying upon his or her examination of Protected Information. In rendering such advice and in otherwise communicating with his or her client, the attorney shall not disclose any Protected Information if such disclosure would be contrary to the provisions of this Protective Order.

### Other Proceedings

30. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

### Miscellaneous

31.	No party shall be responsible to another party for any use made of information that is produced and not designated as Protected Information.

32.	Nothing in this Protective Order shall prejudice the right of any party to apply to the Court for any further Protective Order relating to confidential information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order; or to seek any other relief from the Court.

33.	In the event that a new party is added, substituted, or brought in, this Protective Order will be binding on and inure to the benefit of the new party, subject to the right of the new party to seek relief from or modification of this Protective Order.

34.	In the event that a party seeks discovery via subpoena or similar court order from a third party, all parties shall treat any documents or things produced by a third party in response to the subpoena as if designated ATTORNEYS' EYES ONLY for a period of ten (10) business days from the date of receipt thereof, regardless of whether such documents or things have been so designated by the third party. To the extent any party has a good faith basis to believe any such documents or things produced by the third party disclose or include its CONFIDENTIAL or ATTORNEYS' EYES ONLY information, such party shall be permitted to designate the information in accordance with the terms of this Stipulation and Protective Order. After ten (10) business days from the date of receipt of any information or things produced by a third party, the parties shall treat such documents and things in accordance with the designations, if any, made by the third party or any receiving party, whichever provides the greatest level of protection, subject to the right of any other party to challenge such designation in accordance with the terms of this Protective Order.

35. At the conclusion of litigation, the confidential information and any copies thereof shall be promptly (and in no event later than forty-five (45) days after entry of final judgment) returned to the producing party or certified as destroyed. Notwithstanding the foregoing, outside counsel for a receiving party may retain Protected Information to the extent such Protected Information is contained in counsel's work product, correspondence between outside counsel, or in copies of pleadings and materials that are of record in the litigation, subject to the confidentiality provisions of this Protective Order.

36. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.

37. The provisions of this Protective Order shall survive and remain in full force and effect after the termination of this litigation (including any appeals).

38. Notice under this Protective Order shall be to the parties as follows, unless this provision is modified by the parties in writing and filed with this Court: notice to Synthes shall be made to Synthes' outside counsel and notice to Globus shall be made to Globus' outside counsel, all at their respective addresses of record filed with this Court for this civil action.

IT IS SO ORDERED.

Date:

_____<br>United States District Judge

Agreed to and accepted as to both form and substance.

Dated: August 25, 2010

| YOUNG CONAWAY STARGATT & TAYLOR, LLP | POTTER ANDERSON & CORROON LLP |
|---|---|
| /s/ Karen E. Keller | /s/ David E. Moore |
| John W. Shaw (No. 3362)<br>Karen E. Keller (No. 4489)<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, Delaware 19801<br>(302) 571-6600<br>jshaw@ycst.com<br>kkeller@ycst.com | Richard L. Horwitz (No. 2246)<br>David E. Moore (No. 3983)<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>Wilmington, DE 19801<br>(302) 984-6000<br>rhorwitz@potteranderson.com<br>dmoore@potteranderson.com |
| OF COUNSEL: | OF COUNSEL: |
| Matthew J. Becker<br>Amy L. Kokoski<br>AXINN, VELTROP & HARKRIDER LLP<br>90 State House Square<br>Hartford, CT 06103<br>(860) 275-8100 | Joseph P. Lavelle<br>Marc A. Cohn<br>HOWREY LLP<br>1299 Pennsylvania Ave NW<br>Washington, DC 20004<br>(202) 783-0800 |
| Michael A. Davitz<br>Diane C. Ragosa<br>AXINN, VELTROP & HARKRIDER LLP<br>114 West 47th Street<br>New York, NY 10036<br>(212) 728-2200 | *Attorneys for Defendant*<br>*Globus Medical, Inc.* |
| *Attorneys for Plaintiffs*<br>*N Spine, Inc. and Synthes USA Sales, LLC* | |

## EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR DISTRICT OF DELAWARE

| | |
|---|---|
| N SPINE, INC. and<br>SYNTHES USA SALES, LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>GLOBUS MEDICAL, INC.,<br><br>    Defendant. | Civil Action No. 10-300-RMB-AMD |

## DECLARATION AND AGREEMENT TO BE BOUND

I, _____, declare and state under penalty of perjury that:

1. My address is _____.

2. My present employer is _____ and the address of my present employer is _____.

3. My present occupation or job description is _____.

4. I have received and carefully read the Stipulated Protective Order in the above-captioned case, which is dated August 24, 2010. I certify that I understand the terms of that Protective Order, recognize that I am bound by the terms of that Order, and agree to comply with those terms. Further, I understand that unauthorized disclosure of any Protected Information, or its substance, may constitute contempt of this Court and may subject me to sanctions or other

remedies that may be imposed by the Court and to potential liability in a civil action for damages by the disclosing party.

      Pursuant to 21 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed On: _____     _____

2